UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:23-00170-MJB-TAB |
| SEAN EBERHART, | ) ) ) |
| Defendant. | ) ) |

**UNITED STATES SENTENCING MEMORANDUM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Bradley P. Shepard, Senior Litigation Counsel, hereby files its Sentencing Memorandum in support of a sentence of imprisonment for defendant Sean Eberhart. The United States requests that the defendant be sentenced to the low-end of the applicable guideline range determined by this court, a fine of $25,000, and impose a term of 2 years of supervised release.

INTRODUCTION

Defendant is scheduled to be sentenced by this Court for his agreement to accept a bribe of lucrative future employment in exchange for steering legislative benefits to Spectacle Entertainment during the debate and passage of a 2019 landmark bill that greatly expanded legalized gaming in Indiana. Prior to his crime, Defendant served for approximately 13 years as the elected representative of Indiana House District 57, a position of public trust. He was in this role when committed the offense. In addition, Defendant was a successful business owner at the time of the offense.

This was not enough for Defendant, he wanted more and chose to commit a crime of economic opportunity, not necessity, to get what he wanted. Defendant let the allure of an annual salary in excess of $350,000 cause him to betray his responsibilities to the people of the 57th district, and the State at large.

A SENTENCE OF IMPRISONMENT AT THE LOW END
OF THE GUIDELINE RANGE IS REASONABLE AND
APPROPRIATE UNDER TITLE 18, UNITED STATES CODE, SECTION 3553(a)

A sentence within the applicable Guideline range is appropriate in this case. Although the Sentencing Guidelines are "effectively advisory," *United States v. Booker*, 543 U.S. 220, 245 (2005), "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process," *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007); *see Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (stating that "even in an advisory capacity the Guidelines serve as a meaningful benchmark in the initial determination of a sentence and through the process of appellate review") (citation and internal quotation marks omitted). The Supreme Court has noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence; and protect the public from further criminal conduct by the defendant. 18 U.S.C. § 3553(a).

I. The Nature and Circumstances of The Offenses and The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Deter Others (18 U.S.C. §§ 3553(a)(1)&(2)).

Defendant used his position of power and privilege to violate the law. Such conduct is especially serious when the defendant is a public official because the crime affects the public's

faith in democracy itself. American trust in Government has significantly eroded and is now only at 22%. *Public Trust in Government: 1958 – 2014*, PEW RESEARCH CENTER, June 24, 2024*, available at https://www.pewresearch.org/politics/2024/06/24/public-trust-in-government-1958-2024/* (last viewed July 2, 2024).

Examples of corruption not only erode the public trust, but more damaging, empirical data shows that instances of corruption erode the sense of civic duty and leads to less voting and participation in elections. *Theoretically, yes, but also empirically? How the corruption-turnout link is marginally explained by civic duty to vote.*, Electoral Studies, Volume 66, August 2020, *available at* https://www.sciencedirect.com/science/article/abs/pii/S0261379420300469#:~:text=A%20number%20of%20influential%20studies,duty%20to%20vote%20in%20elections. (last viewed July 2, 2024). Other studies further suggest that voters may respond to corruption not by punishing the offending public official, but by withdrawing from the political process all together. *Looking Beyond the Incumbent: The Effects of Exposing Corruption on Electoral Outcomes*, National Bureau of Economic Research Working Paper Series, Working Paper 17679, December 2011, *available at https://www.nber.org/system/files/working_papers/w17679/w17679.pdf* (last viewed July 2, 2024). These effects are magnified as Indiana has several key National and State positions subject to elections in three months.

In addition to the harm, the potential for public deterrence is high. Not only will the results of the case be well publicized given the public scrutiny, the deterrent value of white collar prosecutions is high. General deterrence is a critical component of sentencing in white collar cases like this one. White collar criminals engage in a cost-benefit analysis – weighing the risks associated with getting caught against the potential financial gain from the offense – when

deciding whether to commit their offenses. For this reason, imprisonment is particularly deterrent in white collar cases. *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2015) (explaining that the Seventh Circuit, like its sister circuits, endorses the idea that white collar criminals act rationally and calculate the risks and the rewards before engaging in criminal conduct and, as a result, white collar criminals are prime candidates for general deterrence); *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (citation omitted) ("'Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'"). Moreover, the Guidelines were created, in part, to help address the concern that white collar offenders "frequently do not receive sentences that reflect the seriousness of their offenses." S. Rep. No. 98-224 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3260.

A sentence outside the Guidelines range in this case would create disparities with other types of offenders that would reinforce the perception that white collar offenders receive special treatment and would thus undermine deterrence as well as respect for the law. *United States v. D'Amico*, 496 F.3d 95, 107 (1st Cir. 2007) (explaining that lower sentences for white collar criminals contradict the purpose of the Guidelines), *rev'd on other grounds by D'Amico v. United States*, 522 U.S. 1173 (2008).

II.   The History and Characteristics of the Defendant (18 U.S.C. 3553(a)(1)).

Defendant's past does not mitigate against a low-end guideline sentence. Rather, Defendant's past and his former position as a State Representative position makes him more culpable – not less. "Criminals who have the education and training that enables people to make a decent living without resorting to crime are more rather than less culpable than their desperately poor and deprived brethren in crime." *United States v. Stefonek*, 179 F.3d 1030, 1038 (7th Cir.

4

1999); *see also United States v. Kuhlman*, 711 F.3d 1321, 1329 (11th Cir. 2013) ("The Sentencing Guidelines authorize no special sentencing discounts on account of economic or social status."); *United States v. McClatchey*, 316 F.3d 1122, 1135 (10th Cir. 2003) ("Charitable giving and community service are discouraged factors for departure under the Guidelines . . . and we expect the district courts to view such evidence with the skepticism of experience in sentencing executives who commit white-collar offenses.").

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court sentence the Defendant to the low-end of the applicable guideline range.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:   /s/ Bradley P. Shepard
        Bradley P. Shepard
        Senior Litigation Counsel
        Office of the United States Attorney
        10 W. Market Street, Suite 2100
        Indianapolis, IN 46204-3048
        Telephone: (317) 226-6333
        Fax:   (317) 226-6125
        Email:   Brad.Shepard@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 3, 2024, copies of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        By: /s/ Bradley P. Shepard
           Bradley P. Shepard
           Assistant United States Attorney